1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FREDRICK VON SEYDEWITZ,               )
                                      )
               Petitioner,            )          3:13-cv-00004-HDM-VPC
                                      )
vs.                                   )          **ORDER**
                                      )
WARDEN ROBERT LeGRAND, *et al.*,      )
                                      )
               Respondents.           )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  Before the Court is respondents' motion to dismiss.  (ECF No. 10).

**I.  Procedural History**

On June 16, 2010, petitioner was convicted, pursuant to a guilty plea, of attempted lewdness with a child under the age of 14 and attempted sexual assault with a minor under the age of 14. (Exhibit 42).[1]  Petitioner was sentenced to two concurrent terms of 8 to 20 years in prison.  (*Id.*). Petitioner did not file a direct appeal.

---

[1]  The exhibits referenced in this order are found in the Court's record at ECF Nos. 11-13.

1    On October 20, 2010, petitioner filed a post-conviction habeas petition in state district court.

2  (Exhibit 45).  Counsel was appointed, and following a hearing on the petition, it was denied.

3  (Exhibits 54 & 55).  Petitioner appealed from the denial of his state habeas petition.  (Exhibit 56).

4  Petitioner's fast track statement was filed on June 1, 2012.  (Exhibit 62).  On November 14, 2012,

5  the Nevada Supreme Court affirmed the denial of the state habeas petition.  (Exhibit 70).  Remittitur

6  issued on December 11, 2012.  (Exhibit 73).

7    While his post-conviction appeal was pending, petitioner filed two original writ petitions in

8  the Nevada Supreme Court.  (Exhibits 65, 72).  Both petitions challenged the Nevada Department of

9  Corrections' application of credits to petitioner's sentences.  (*Id.*).  Both petitions were denied by the

10  Nevada Supreme Court.  (Exhibits 66, 75).

11    On December 31, 2012, petitioner dispatched his federal habeas petition to this Court.  (ECF

12  No. 6).  The petition contains three grounds for relief:

13       Ground 1: Petitioner's right to the effective assistance of counsel was
         violated because: (a) counsel had a conflict of interest; (b) counsel
14       failed to investigate potential defenses; (c) counsel failed to hire expert
         witnesses; (d) counsel failed to adequately prepare for trial; (e) counsel
15       failed to request a restitution hearing.

16       Ground 2: Petitioner's rights to due process and a public trial were
         violated because the trial court failed to record bench conferences.
17
         Ground 3: Petitioner's rights to due process and equal protection were
18       violated because the State failed to turn over *Brady* material.

19  (ECF No. 6).  Respondents move to dismiss the petition.  (ECF No. 10).  Petitioner filed an

20  opposition.  (ECF No. 16).  Respondents filed a reply.  (ECF No. 17).

21  **II.  Plaintiff's Motion for Appointment of Counsel**

22    By order filed January 31, 2013, this Court denied petitioner's motion for the appointment of

23  counsel.  (ECF No. 5).  Petitioner has filed a second motion for the appointment of counsel.  (ECF

24  No. 15).  There is no constitutional right to appointed counsel for a federal habeas corpus

25  proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428

26

1  (9th Cir. 1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801

2  F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d

3  1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  The petition on file in this action is

4  sufficiently clear in presenting the issues that petitioner wishes to bring and the issues in this case are

5  not complex.  Petitioner has failed to demonstrate any reason for the Court to deviate from its prior

6  denial of the appointment of counsel.  Petitioner's second motion for the appointment of counsel is

7  denied.

8  **III.  Discussion**

9       **A.  Exhaustion**

10       A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

11  exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

12  U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his

13  claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S.

14  838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains

15  unexhausted until the petitioner has given the highest available state court the opportunity to

16  consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,*

17  386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

18       A habeas petitioner must "present the state courts with the same claim he urges upon the

19  federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  To satisfy exhaustion, each of

20  petitioner's claims must have been previously presented to the Nevada Supreme Court, with

21  references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner

22  to relief.  *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002).  The federal constitutional

23  implications of a claim, not just issues of state law, must have been raised in the state court to

24  achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404

25  U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is]

26

3

1  asserting claims under the United States Constitution" and given the opportunity to correct alleged

2  violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala*

3  *v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a

4  simple and clear instruction to potential litigants: before you bring any claims to federal court, be

5  sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.

6  2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

7         A claim is not exhausted unless the petitioner has presented to the state court the same

8  operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California*

9  *Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met

10  when the petitioner presents to the federal court facts or evidence which place the claim in a

11  significantly different posture than it was in the state courts, or where different facts are presented at

12  the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.

13  1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.

14  Supp. 455, 458 (D. Nev. 1984).

15         In the instant case, petitioner's post-conviction habeas petition filed in state district court

16  contained similar claims to those made in the federal habeas petition.  (Exhibit 45; ECF No. 6).

17  However, petitioner did not present those claims to the Nevada Supreme Court on appeal from the

18  denial of the state petition.  In his fast track statement on appeal from the denial of his state habeas

19  petition, petitioner presented only two claims to the Nevada Supreme Court: (1) that the lower court

20  erred by not granting him an evidentiary hearing; and (2) that his counsel was ineffective for failing

21  to inform him of his right to file a direct appeal.  (Exhibit 62).  These two claims are not included in

22  the federal habeas petition.  (ECF No. 6).  Petitioner's federal habeas petition contains only

23  unexhausted claims and shall be dismissed without prejudice.  *See Rasberry v. Garcia*, 448 F.3d

24  1150, 1153 (9th Cir. 2006).

25  / / / / / / / / / /

26

**B.  Procedural Default**

Petitioner's claim that the state district court failed to record bench conferences, as presented in Ground 2 of the federal habeas petition, is procedurally barred.  "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).  The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).  To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Within its discussion of petitioner's claim that the lower court erred by not holding an evidentiary hearing, the Nevada Supreme Court cited NRS 34.810(1)(a) and ruled that petitioner's claim that the lower court erred by failing to record several bench conferences was "not appropriately raised in a post-conviction petition."  (Exhibit 70, at p. 2).  The Nevada Supreme Court's refusal to consider petitioner's claim that the lower court erred by failing to record bench conferences rested on a state law procedural ground that is independent of the federal question and adequate to support the

1  judgment. *See Coleman v. Thompson*, 501 U.S. at 730-31.  Petitioner has failed to demonstrate

2  cause and prejudice to excuse the procedural default.  Ground 2 of the petition was procedurally

3  defaulted in state court, therefore, the claim is barred from review by this Court.

4  **IV.  Certificate of Appealability**

5       In order to proceed with any appeal, petitioner must receive a certificate of appealability.  28

6  U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

7  (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  District

8  courts are required to rule on the certificate of appealability in the order disposing of a proceeding

9  adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for

10  certificate of appealability to be filed.  Rule 11(a) of the Rules Governing Section 2254 and 2255

11  Cases.  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

12  right" to warrant a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

13  473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

14  court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at

15  484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

16  issues are debatable among jurists of reason; that a court could resolve the issues differently; or that

17  the questions are adequate to deserve encouragement to proceed further.  *Id.*  In this case, no

18  reasonable jurist would find this Court's dismissal of the petition debatable or wrong.  The Court

19  therefore denies petitioner a certificate of appealability.

20  **V.  Conclusion**

21       **IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel

22  (ECF No. 15) is **DENIED.**

23       **IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 10) is

24  **GRANTED.**

25       **IT IS FURTHER ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE**.

26

1    **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

2  **APPEALABILITY.**

3    **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

4  **ACCORDINGLY.**

5    Dated this 13th day of November, 2013.

6

7    Howard D McKibben

 _____

 UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26