UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDRICK VON SEYDEWITZ, ) | |
| ) | |
| Petitioner, ) | 3:13-cv-00004-HDM-VPC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WARDEN ROBERT LeGRAND, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 10).

**I. Procedural History**

On June 16, 2010, petitioner was convicted, pursuant to a guilty plea, of attempted lewdness with a child under the age of 14 and attempted sexual assault with a minor under the age of 14. (Exhibit 42).[1] Petitioner was sentenced to two concurrent terms of 8 to 20 years in prison. (*Id.*). Petitioner did not file a direct appeal.

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 11-13.

1    On October 20, 2010, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 45). Counsel was appointed, and following a hearing on the petition, it was denied. (Exhibits 54 & 55). Petitioner appealed from the denial of his state habeas petition. (Exhibit 56). Petitioner's fast track statement was filed on June 1, 2012. (Exhibit 62). On November 14, 2012, the Nevada Supreme Court affirmed the denial of the state habeas petition. (Exhibit 70). Remittitur issued on December 11, 2012. (Exhibit 73).

   While his post-conviction appeal was pending, petitioner filed two original writ petitions in the Nevada Supreme Court. (Exhibits 65, 72). Both petitions challenged the Nevada Department of Corrections' application of credits to petitioner's sentences. (*Id.*). Both petitions were denied by the Nevada Supreme Court. (Exhibits 66, 75).

   On December 31, 2012, petitioner dispatched his federal habeas petition to this Court. (ECF No. 6). The petition contains three grounds for relief:

>  Ground 1: Petitioner's right to the effective assistance of counsel was violated because: (a) counsel had a conflict of interest; (b) counsel failed to investigate potential defenses; (c) counsel failed to hire expert witnesses; (d) counsel failed to adequately prepare for trial; (e) counsel failed to request a restitution hearing.
>
>  Ground 2: Petitioner's rights to due process and a public trial were violated because the trial court failed to record bench conferences.
>
>  Ground 3: Petitioner's rights to due process and equal protection were violated because the State failed to turn over *Brady* material.

(ECF No. 6). Respondents move to dismiss the petition. (ECF No. 10). Petitioner filed an opposition. (ECF No. 16). Respondents filed a reply. (ECF No. 17).

**II. Plaintiff's Motion for Appointment of Counsel**

   By order filed January 31, 2013, this Court denied petitioner's motion for the appointment of counsel. (ECF No. 5). Petitioner has filed a second motion for the appointment of counsel. (ECF No. 15). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428

(9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring and the issues in this case are not complex. Petitioner has failed to demonstrate any reason for the Court to deviate from its prior denial of the appointment of counsel. Petitioner's second motion for the appointment of counsel is denied.

**III. Discussion**

    **A. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is]

1  asserting claims under the United States Constitution" and given the opportunity to correct alleged
2  violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala*
3  *v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a
4  simple and clear instruction to potential litigants: before you bring any claims to federal court, be
5  sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.
6  2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

7      A claim is not exhausted unless the petitioner has presented to the state court the same
8  operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California*
9  *Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met
10 when the petitioner presents to the federal court facts or evidence which place the claim in a
11 significantly different posture than it was in the state courts, or where different facts are presented at
12 the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.
13 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.
14 Supp. 455, 458 (D. Nev. 1984).

15     In the instant case, petitioner's post-conviction habeas petition filed in state district court
16 contained similar claims to those made in the federal habeas petition. (Exhibit 45; ECF No. 6).
17 However, petitioner did not present those claims to the Nevada Supreme Court on appeal from the
18 denial of the state petition. In his fast track statement on appeal from the denial of his state habeas
19 petition, petitioner presented only two claims to the Nevada Supreme Court: (1) that the lower court
20 erred by not granting him an evidentiary hearing; and (2) that his counsel was ineffective for failing
21 to inform him of his right to file a direct appeal. (Exhibit 62). These two claims are not included in
22 the federal habeas petition. (ECF No. 6). Petitioner's federal habeas petition contains only
23 unexhausted claims and shall be dismissed without prejudice. *See Rasberry v. Garcia*, 448 F.3d
24 1150, 1153 (9th Cir. 2006).

25 / / / / / / / / / /

26

**B. Procedural Default**

Petitioner's claim that the state district court failed to record bench conferences, as presented in Ground 2 of the federal habeas petition, is procedurally barred. "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Within its discussion of petitioner's claim that the lower court erred by not holding an evidentiary hearing, the Nevada Supreme Court cited NRS 34.810(1)(a) and ruled that petitioner's claim that the lower court erred by failing to record several bench conferences was "not appropriately raised in a post-conviction petition." (Exhibit 70, at p. 2). The Nevada Supreme Court's refusal to consider petitioner's claim that the lower court erred by failing to record bench conferences rested on a state law procedural ground that is independent of the federal question and adequate to support the

5

judgment. *See Coleman v. Thompson*, 501 U.S. at 730-31. Petitioner has failed to demonstrate cause and prejudice to excuse the procedural default. Ground 2 of the petition was procedurally defaulted in state court, therefore, the claim is barred from review by this Court.

**IV. Certificate of Appealability**

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases. Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 13th day of November, 2013.

*Howard D McKibben*
_____
UNITED STATES DISTRICT JUDGE